UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                                           :
JUAN CARLOS COLLAZOS,                                      :    **MEMORANDUM**
                                                           :    **DECISION & ORDER**
                              Plaintiff,                   :
                                                           :    17-cv-4292 (BMC)
           - against -                                     :
                                                           :
NANCY A. BERRYHILL,                                        :
                                                           :
                              Defendant.                   :
---------------------------------------------------------- X

**COGAN**, District Judge.

  1. Plaintiff seeks review of the administrative denial of his claims for Social Security Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI, respectively, of the Social Security Act. An Administrative Law Judge found that plaintiff suffered from severe impairments of bilateral lumbar radiculopathy, impingement of his left shoulder, epicondylitis in his right elbow, and status post right carpal tunnel release surgery. He also found, however, that plaintiff had sufficient residual functional capacity to perform light work with several limitations.

  2. Plaintiff raises three points of error in this review proceeding. First, he asserts that the ALJ, in finding that plaintiff's impairments did not equal the conditions set forth in the Listing of Impairments, Appendix 1 to 20 C.F.R. Part 404, Subpart P, provided no reasons to support that finding. Second, he asserts that the ALJ should have afforded at least some weight to the opinion of one of his treating physicians, Dr. Michael Heublum, a neurologist, instead of no weight. Third, he contends that remand is required because the ALJ made a mistake

concerning plaintiff's age, which caused the ALJ to evaluate plaintiff's claim under the wrong age category.

3. With regard to plaintiff's claim that the ALJ did not adequately explain why plaintiff did not equal the Listings, it is true that the ALJ's explanation was perfunctory. After setting forth his conclusion that plaintiff did not meet or equal the Listings, the entirety of the ALJ's reasoning was: "Particular attention has been given to sections 1.02 and 1.04A of the Musculoskeletal System Listings. However, the requirements of these sections are not established by the medical record."

4. Plaintiff concedes *arguendo* that his impairments did not "meet" the Listings, but points out that under 20 C.F.R. § 416.926(b)(1)(ii), even if impairments do not meet a Listing, "[w]e will find that your impairment is medically equivalent to that listing if you have other findings related to your impairment that are at least of equal medical significance to the required criteria." Plaintiff's argument is that the ALJ had an obligation to not just state that plaintiff's impairments were not medically equal to a Listing (as he did), but to explain why he reached that conclusion.

5. I reject plaintiff's argument. First, it is not until his reply brief that plaintiff explains why he thinks his impairments medically equal any Listing. In fact, his opening brief does not even identify which Listing plaintiff thinks he meets. Even his reply brief (submitted after the Commissioner pointed out that plaintiff nowhere explained how his impairments equal a Listing), merely repeats the medical evidence of record almost verbatim from his opening brief (page after page) and then adds three sentences:

> The April 2015 MRI, the January 2016 ultrasound, the physical examinations and plaintiff's pain and other symptoms demonstrate that plaintiff does medically equal Listing 1.02, assuming arguendo that he does not meet it. Moreover, the ALJ had the obligation to at least consider the issue. The ALJ did not do so.

2

Because the ALJ referenced virtually all of the evidence listed in plaintiff's reply brief, this argument does little to explain what more the ALJ should have said. Plaintiff has merely plucked three pieces of evidence and advanced a conclusion different from the ALJ's. In fact, I do not see how those three pieces of evidence prove that plaintiff's impairments medically equaled Listing 1.02, and plaintiff has not explained it. My own review of the Listing does not suggest medical equivalence on this record, or at least, it certainly does not mandate it.

6. In any event, it is not accurate to say that the ALJ did not "consider" the issue, as plaintiff claims. The ALJ's conclusion plainly states that he did: "The claimant does not have an impairment or combination of impairments that meets *or medically equals the severity* of one of the Listed impairments" (emphasis added) with "[p]articular attention" given to sections 1.02 and 1.04A.

7. Plaintiff's contention is ironic considering that in two briefs, plaintiff has offered little, if any, more reasoning than the ALJ did to support a contrary conclusion. Moreover, unlike some issues in disability determinations which require, either by regulation, rule, or caselaw, articulation of the reasoning behind a conclusion, such as weighing the evidence to determine RFC, see Ferraris v. Heckler, 728 F.2d 582, 586-87 (2d Cir. 1984), or rejecting a treating physician's opinion, see Burgess v. Astrue, 537 F.3d 117, 129-30 (2d Cir. 2008) (citing 20 C.F.R. § 404.1527(d)(2)), plaintiff has pointed to no legal authority that requires an ALJ to give a detailed explanation of why a plaintiff's impairments are not the medical equivalent of a Listing.

8. Finally (as to this point), any remand for further explanation would be an exercise in futility. When an ALJ finds sufficient RFC to warrant a finding of non-disability, it is axiomatic that the plaintiff's impairments will not meet or medically equal a Listing. The

Listings are simply a short-hand path to a disability finding when such a finding is relatively clear. Thus, if I were to reverse the ALJ's finding as to plaintiff's RFC (as shown below, I am not), perhaps I would also request a bit more explanation of why plaintiff's impairments were not medically equal to a Listing. But if the record contains substantial evidence to support an ALJ's finding as to plaintiff's RFC resulting in a determination of non-disability, then plaintiff does not meet or equal the Listing *a fortiori*.

9. Plaintiff's second point of error fares no better. The ALJ gave specific reasons for according Dr. Heublum's opinion "no weight." The main problem noted by the ALJ was that Dr. Heublum treated plaintiff for epilepsy, which is not one of plaintiff's severe impairments (plaintiff makes no argument that it is). If plaintiff were going to be found disabled, then, on this record, it would have to be based on his musculoskeletal problems, not his controlled epilepsy. And in any event, the only treatment note from Dr. Heublum in the record does not say anything about musculoskeletal problems, it only states that plaintiff's epilepsy has been well controlled with a certain medication.

10. Notwithstanding that, Dr. Heublum completed a questionnaire, apparently at the behest of plaintiff's attorney for the proceeding before the ALJ, entitled "Musculoskeletal Residual Functional Capacity Questionnaire," in which Dr. Heublum gave an RFC evaluation finding functional limitations based on plaintiff's musculoskeletal condition that would plainly require a finding of disability. Interestingly, Dr. Heublum noted the frequency of treatment as every six months for a "neurological followup." The diagnoses he offered in the form were "seizure disorder, lower back pain, and cervicalgia" (the last term referring to pain in the neck or upper shoulder). But as noted above, there is no indication that Dr. Heublum ever treated

4

plaintiff for back or neck pain, only the seizure disorder, so it's not clear how he arrived at a view of such a restrictive RFC, other than, one might surmise, through plaintiff's self-reporting.

11.     It is not simply that there is nothing in the record to explain how Dr. Heublum reached his RFC assessment. It is that the assessment was contrary to the opinion of plaintiff's treating orthopedic surgeon, Dr. Evan Schwartz, who examined plaintiff on several occasions, and whose focus, unlike Dr. Heublum's, covered all of plaintiff's musculoskeletal complaints. Dr. Schwartz's findings were quite normal as to virtually all of plaintiff's complaints. In fact, the ALJ gave Dr. Schwartz's assessment "considerable" but not determinative weight because at least one of plaintiff's worker's compensation evaluations, that of Dr. De Rosa (given "great weight" by the ALJ), showed limitations on fine motor skills in plaintiff's right hand on which Dr. Schwartz did not opine.

12.     Because it was clear that the ALJ had to choose between two conflicting treating medical opinions (that of Dr. Heublum and Dr. Schwartz), I do not see how her decision can be faulted for choosing the one that not only was supported by more evaluative notes in the record, but who treated plaintiff for the symptoms which the ALJ concluded were severe impairments. And it is not as if Dr. Schwartz's opinion stood alone. By plaintiff's own testimony, he is able to undertake many activities of daily living, which the ALJ noted with specificity. The ALJ was correct in noting that plaintiff's ability to perform these activities was inconsistent with the very limited functional capacity found by Dr. Heublum. There were also consultative evaluations that thoroughly support the ALJ's finding.

13.     This is not to say that there was no evidence in the record that could support a finding of disability. As in most cases, there was some. But this Court's task is to determine

whether there was substantial evidence to support the ALJ's determination, and there was plainly that.

14. Finally, plaintiff contends that the ALJ failed to use the proper age category for evaluating plaintiff's impairments. The argument is poorly stated and difficult to understand. Plaintiff simply asserts that the ALJ improperly characterized him as a "younger individual" in the 18-49 years of age category, when in fact, plaintiff asserts (without citation), that plaintiff's 46 years of age removed him from the younger category and put him in some other, unspecified category. Plaintiff then asserts that the ALJ "failed to consider" that plaintiff turned 50 before he filed his claims, and that he was three days short of his 54th birthday at the time of the hearing before the ALJ. But plaintiff has not given me any clue as to why these various ages would make a material difference in the ALJ's evaluation.

15. I believe what plaintiff is trying to argue is based on 20 C.F.R. § 404.1563(c) and (d). Subsection (c) defines a "younger person" as someone under age 50. The ALJ correctly observed that plaintiff was within this category on the alleged disability onset date, as he was then 46 years old. However, subsection (c) also states that "in some circumstances, we consider that persons age 45-49 are more limited in their ability to adjust to other work than persons who have not attained age 45." But this sentence does not apply to plaintiff, because the citation in that sentence is to "Rule 201.17 in appendix 2," which provides guidance as to the category of sedentary work, not light work, as the ALJ found with regard to plaintiff. The corresponding rule for light work, Rule 202.00, does not provide a special rule for individuals 45-49. *Compare* 20 C.F.R. pt. 404, subpt. P, app. 2 § 202.00 *with* id., § 201.00(h)(1).

16. In any event, subsection (d) states that "[i]f you are closely approaching advanced age (age 50-54), we will consider that your age along with a severe impairment(s) and limited

6

work experience may seriously affect your ability to adjust to other work." I think plaintiff is arguing that the ALJ had an obligation to articulate whether plaintiff's age of 46 (as opposed to, for example, an age of 44), had an impact on the ALJ's conclusions that plaintiff is not disabled or that there are sufficient jobs in the national economy that plaintiff could perform, particularly considering that at times later than the alleged onset date, plaintiff would have been in or close to the advanced age category.

17. If that is plaintiff's argument, then it fails for a similar reason that his Listing argument failed. First, plaintiff has not disputed the ALJ's finding that the relevant date for his classification is the alleged onset date. Second, plaintiff has cited no regulation, rule or caselaw that requires the ALJ to expressly articulate how, if at all, plaintiff's attainment of nearly advanced age at later points during the proceeding might bear on his analysis. Third, and most importantly, plaintiff does not explain why his being 46 years old (instead of anything under 45) would require a finding that plaintiff is disabled, or that there are not jobs for someone his age in the national economy. Indeed, plaintiff comes as close as one can to abandoning this point in his reply brief, devoting only one sentence to it.

18. Review proceedings are not a hunt for technical defects in the hope of obtaining a pointless remand. It bears noting that plaintiff has been represented by an attorney at both the administrative and judicial review stages of this case. In a *pro se* case, a district court may properly appoint counsel if it thinks plaintiff's claim may have merit, or, at least, the court will go to considerable effort to find the best arguments that an attorney might make for the *pro se* plaintiff. But in a represented case, a plaintiff's attorney who argues a technical defect must either point to law that requires remand or be able to show that there is a reasonable possibility

that further consideration of a point would yield a different result. Plaintiff's attorney has not attempted to do either here.

19. Plaintiff's motion for judgment on the pleadings is denied, and defendant's cross-motion for judgment on the pleadings is granted. The complaint is dismissed, and the Clerk is directed to enter judgment accordingly.

**SO ORDERED.**

                                                                U.S.D.J.

Dated: Brooklyn, New York
           March 27, 2018